IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 1, 2011 Session

## ANGELIA LYNETTE MAUPIN v. PAUL WAYNE MAUPIN

**Appeal from the Chancery Court for Greene County**
**No. 20080084        Thomas R. Frierson, II**

**No. E2011-00608-COA-R3-CV-FILED-JULY 1, 2011**

The order of the trial court entered February 16, 2011, from which the appellant Angelia Lynette Maupin seeks to appeal, is not a final order. Accordingly, the appellant's appeal is hereby dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

David L. Leonard, Greeneville, Tennessee, for the appellant, Angelia Lynette Maupin.

Roger Woolsey, Greeneville, Tennessee, for the appellee, Paul Wayne Maupin.

### MEMORANDUM OPINION[1]

Following the trial court's order of February 16, 2011, various motions were filed in the trial court. Those matters are still pending before the court. Because of this, the subject order is not a final order. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" ***In re Estate of Henderson***, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting ***State ex rel. McAllister v. Goode***, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Tenn. R. App. P. 3(a) provides, in relevant part, that "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

is not enforceable or appealable. . . ." "Such an order is interlocutory or interim in nature and generally cannot be appealed as of right." *In re Estate of Henderson*, 121 S.W.3d at 645. This court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). In her response to our show cause order of June 3, 2011, the appellant acknowledges that this "appeal is a premature appeal and can be dismissed as such."

As this appeal was taken from an order that was not a final judgment, we lack subject matter jurisdiction. Accordingly, we must dismiss the appeal.

The appeal of this matter is dismissed and this case is remanded to the trial court. Costs on appeal are taxed to the appellant, Angelia Lynette Maupin.

PER CURIAM